UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AL-MAHDI FARAD MOHAMMED,
Plaintiff,

vs.

COMPLETE PERSONNEL LOGISTICS,
Defendant.

Case No. 1:15-cv-414
Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Al-Mahdi F. Mohammed brings this action under Title VII of the Civil Rights Act of 1964 alleging discrimination in the workplace. This matter is before the court following an evidentiary hearing held on June 23, 2016 related to defendant Complete Personnel Logistics's ("CPL") motion to quash service and dismiss the complaint for lack of subject matter and personal jurisdiction (Doc. 9), plaintiff's response in opposition (Doc. 11), defendant's reply brief (Doc. 12), and plaintiff's sur-reply (Doc. 14).

**I. Background**

Plaintiff's complaint alleges that he was employed by defendant CPL and sent on assignment to work for Zenith Logistics ("Zenith"). (*See* Doc. 3 at 4). Plaintiff alleges his assignment with Zenith ended on February 17, 2013 after management told him he was "too argumentative." (Doc. 3 at 4; Doc. 9-1 at 2). On February 20, 2013, plaintiff filed charge #473-2013-00518 ("charge 00518") with the Equal Employment Opportunity Commission ("EEOC") alleging that defendant and Zenith discriminated against him based on his Muslim religion. (Doc. 9-1 at 2). Plaintiff continued to work for defendant and wanted to be placed on a new assignment. (*See* Doc. 3 at 4; Doc. 9-2 at 2). On July 18, 2013, plaintiff filed a second EEOC charge against defendant CPL, #470-2013-02501 ("charge 02501"), alleging that he was offered assignments that were retracted by defendant in retaliation for filing charge 00518. (Doc. 9-2 at

2). After the charges were investigated, plaintiff received right to sue letters from the EEOC for charges 00518 and 02501. (Doc. 5-1 at 1-2). Plaintiff then filed this lawsuit.

On August 4, 2015, plaintiff was granted leave to proceed *in forma pauperis* ("IFP") and his complaint was filed with the Court. (Docs. 4, 5). Construing plaintiff's pro se complaint liberally, he alleges that defendant CPL discriminated against him on the basis of his African-American race by disciplining him differently than a similarly situated Caucasian employee. (*See* Doc. 3 at 4). Plaintiff also alleges that he continues to suffer ongoing acts of retaliation. (*See id.* at 5). Plaintiff's complaint does not contain any references to discrimination on the basis of his Muslim religion. (*See id.* at 4-5).

Subsequently, defendant CPL moved to dismiss the complaint for lack of jurisdiction. In relevant part, defendant argues the Court lacks subject matter jurisdiction over plaintiff's claims because he failed to allege before the EEOC that defendant discriminated against him based upon race in either the original charge or the retaliation charge. (Doc. 9 at 3-4).

In response to the motion to dismiss, plaintiff alleges that "*the very first charge filed with the E.E.O.C. was charge #470-2013-02500* [("charge 02500")]," which marked race, religion, and retaliation as the grounds of discrimination alleged. (Doc. 11 at 1) (emphasis added). Plaintiff attached a copy of charge 02500 to his response. (Doc. 11-1, Exh. A, PAGEID #52). The copy of this charge bears plaintiff's signature, but is undated. The charge names Zenith and Kroger as the discriminating employers and alleges discrimination based on race, religion, and retaliation. The charge indicates that the retaliation was in response to plaintiff's filing of charge 00518. (*Id.*).

In reply, defendant argues that plaintiff altered the copy of charge 02500 attached to his response in an effort to intentionally mislead the court into believing that charge was filed before

charge 00518. (*See* Doc. 12 at 3). Defendant asserts that in addition to presenting a falsified copy of charge 02500 with his response, plaintiff has filed fraudulent documents with the Court in prior unrelated cases against Mail Contractors of America, Inc.[1] and Penske Logistics.[2] (*Id.* at 3-4). Defendant claims this history shows that plaintiff is willing to intentionally mislead the court. (*See Id.*). Defendant has also attached a copy of charge 02500. (Doc. 12-3 at 2). Defendant indicates it received this copy through a Freedom of Information Act request and notes certain discrepancies between this copy and the one supplied by plaintiff. (Doc. 12 at 3). Specifically, defendant believes that plaintiff deliberately removed the date in the copy of charge 02500 attached to his response. (*Id.*). The copy of charge 02500 that defendant has submitted shows that plaintiff signed it on June 20, 2013, or four months after charge 00518. (Doc. 12-3 at 2).

In his sur-reply, plaintiff argues that defendant has mischaracterized plaintiff's filings in prior, unrelated cases. (*See* Doc. 14 at 1-2). Moreover, plaintiff continues to assert that charge 02500 is the original charge. (*See id.* at 2-4). Specifically, plaintiff states:

---

[1] In *Mohammed v. Mail Contractors of Am., Inc.*, No. 1:04-cv-715, 2007 WL 184742 (S.D. Ohio Jan. 19, 2007), the Court granted defendant's motion for summary judgment, stating:

> Plaintiff (or someone on his behalf) altered the original July 21, 2004 letter, the version contained in the certified copy of the EEOC file, and created Exhibit E, a fake document, in an attempt to prove Plaintiff's case. Such fraud and trickery is unconscionable. It undermines the very purpose of our judicial system, and it wastes the time and resources of the Court and the opposing party.

*Id.* at *5. The Court subsequently granted defendant's motion for attorney's fees. *See Mohammed v. Mail Contractors of Am.*, No. 1:04-cv-715, 2007 WL 1306602 (S.D. Ohio May 3, 2007).

[2] In *Mohammed v. Penske Logistics, LLC*, No. 1:02-cv-853 (S.D. Ohio Jun. 7, 2007) (Doc. 79), the Court granted defendant's motion for sanctions and dismissed plaintiff's case with prejudice. The Court concluded:

> Mohammed has acted wilfully and in bad faith in attempting to mislead Penske and the Court by filing a fabricated OCRC document, the Second Withdrawal Form, and by failing to timely produce other versions of the withdrawal form, the Third and Fourth Withdrawal Forms, in his possession.

(*Id.* at 10). The Court subsequently granted defendant's motion for attorney's fees because "[p]laintiff's case was unreasonable, groundless and litigated in bad faith." *Mohammed v. Penske Logistics, LLC*, No. 1:02-cv-853, Doc. 86 at 2.

3

> After indicating both Zenith Logistics and Complete Personnel Logistics plaintiff gave the original complaint to the intake officer (investigator) and that's when he decided to write up the charge *(4[70]-2013-02500)[,] [t]he first original charge filed with the EEOC.* And issued Complete Personnel Logistics a separate charge number (473-2013-00518) which is Complete Personnel Logistics notification that they were being sued[.]

(*Id.* at 3) (emphasis added).

In light of the questions raised concerning the authenticity of the copy of charge 02500 that plaintiff submitted to the Court, the Court set this matter for an evidentiary hearing. (*See* Doc. 15). In doing so, the Court noted that plaintiff submitted an undated copy of charge 02500 and defendant submitted what appears to be an identical copy of that charge, except that defendant's copy is dated June 20, 2013. (*Id.* at 2). Further, the Court took "judicial notice of the fact that a third copy of this charge dated July 18, 2013 has been filed in plaintiff's pending case in this Court against Zenith Logistics. (*See Mohammed v. Zenith Logistics, Inc.*, Case No. 1:15-cv-413, Doc. 18-7)." (*Id.*).

At the evidentiary hearing, both parties submitted copies of charge 02500 bearing plaintiff's signature and dated June 20, 2013. (Def. Exh. 1, Doc. 19-2 at PAGEID# 214; Pl. Exh. 1-L, Doc. 19-1 at PAGEID# 183). Defendant's Exhibit 1 includes an attestation by Webster N. Smith, the district director of the Indianapolis district office of the EEOC. Mr. Smith certifies that the documents included in defendant's Exhibit 1 are true and accurate copies of the documents from the administrative file of EEOC charge 02500. Attached to Mr. Smith's attestation are copies of charge 02500 dated June 20, 2013 and July 18, 2013.[3]

Plaintiff also tendered exhibits to the Court. Plaintiff's Exhibit 1 includes a copy of charge 02500 dated June 20, 2013. At the hearing, plaintiff stated that he received a copy of

---

[3] The Court notes that the charge of discrimination dated July 18, 2013 bears "Date(s) Discrimination Took Place" that are different from those reflected on the June 20, 2013 charge. Therefore, the July 18, 2013 charge is no longer at issue as the Court finds no reason to question its authenticity.

4

charge 02500 from the EEOC by email "to download, sign, and send back to them." (Doc. 18 at 11). Plaintiff's Exhibit 3 includes an email from the EEOC to plaintiff dated June 19, 2013, which states:

> Attached is EEOC Charge No. 470-2013-02500 v Zenith Logistics and Kroger. Please sign/date next to the "X"s on the Form 5 (Charge of Discrimination), Mediation Agreement and Confidentiality Agreement. Return to me via fax (317) 226-5571.
>
> You will receive a separate charge against CPL 470-2013-02501).

(Pl. Exh. 3, Doc. 19-1 at PAGEID #204).

As indicated above, the copy of charge 02500 previously filed by plaintiff to demonstrate he exhausted his race discrimination claim and in response to defendant's motion to dismiss has no date inscribed on the "date" line. (Doc. 11-1, Exh. A at PAGEID# 52). At the hearing, the Court asked plaintiff to explain why the copy of charge 02500 that he submitted with his response to defendant's motion to dismiss was undated but the copy he submitted at the evidentiary hearing was dated June 20, 2013. (Doc. 18 at 11). Plaintiff responded: "That I cannot tell you." (*Id.*). He further stated that he never saw the undated copy "until they submitted it." (*Id.* at 12). The Court asked plaintiff to explain how "they" submitted the undated copy when the undated copy was attached to his own response to defendant's motion to dismiss. (*See id.*). Plaintiff responded: "I was showing you that because that's what we got. I was—I was—reference to that. I didn't know anything about—about that. That was the first time receiving it when—when the defendant submitted it. So I submitted it back to let the Court know that I didn't know anything about the—the line down the middle of it." (*Id.*). Both the undated copy of charge 02500 submitted by plaintiff in response to defendant's motion to dismiss (Doc. 11-1, Exh. A at PAGEID# 52) and the June 20, 2013 copy of charge 02500 submitted by defendant at the evidentiary hearing (Def. Exh. 1, Doc. 19-2 at PAGEID# 214) bear

5

a distinctive black line running through the center of the page and what appears to be a fax stamp location of "Rent A Center" dated "Jun 20 2013 3:36 PM."

## II. Analysis

Federal courts have "the inherent power" to sanction a party "upon proof that a fraud has been perpetrated upon the court." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). This inherent power includes the authority to dismiss the lawsuit. *Id.* "A court should only use its inherent power to dismiss in such a situation if the misrepresentations were clearly established and were particularly egregious." *Youn v. Track, Inc.*, No. 1:95-cv-192, 2003 WL 23412985, at *3 (S.D. Ohio Oct. 3, 2003).

Further, Federal Rule of Civil Procedure 11 provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]

Fed. R. Civ. P. 11(b)(1) (emphasis added). The Court may impose appropriate sanctions against a pro se litigant for violating Rule 11. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 548 (1991) (Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard."); *Spurlock v. Demby*, 48 F.3d 1219 (table), No. 92-3842, 1995 WL 89003, at *2 (6th Cir. Mar. 2, 1995) (per curiam) ("[W]hile Rule 11 does provide that a person's knowledge, information, and belief are to be based on reasonableness under the circumstances, the rule does not provide a different standard for attorneys and non-attorneys."). The test for whether sanctions under Rule 11 are appropriate is whether the litigant's conduct was objectively reasonable under the circumstances. *See Bus. Guides, Inc.*, 498 U.S. at 551.

6

The Court finds that plaintiff intentionally filed a falsified copy of charge 02500 in an effort to deceive the Court into believing that charge 02500—which invokes racial discrimination—was the "very first charge filed with the EEOC." (Doc. 11 at 1). Plaintiff's explanation at the evidentiary hearing—that (1) he could not tell the Court how an undated copy of charge 02500 came to be attached to his response and (2) "they" submitted it, not him—is not credible. The undated charge 02500 submitted by plaintiff in opposition to the motion to dismiss and the certified copy of charge 02500 from plaintiff's EEOC file submitted by defendant at the evidentiary hearing both bear a distinctive black line running through the center of the page, plaintiff's signature, and an identical fax location and time stamp. It is simply not plausible that two separate copies of the signed charge—one dated June 20, 2013 and one undated—were faxed to the EEOC at the identical time. The only reasonable inference to be drawn from the evidence before the Court and the parties' arguments at the evidentiary hearing is that plaintiff or someone on his behalf redacted the date on Doc. 11-1, Exh. A in an effort to mislead the Court into believing charge 02500 was filed before charge 00518 in an attempt to withstand defendant's motion to dismiss for plaintiff's alleged failure to administratively exhaust his racial discrimination claim.

In light of plaintiff's submission of a falsified document in this case, the Court recommends dismissal of his complaint with prejudice. Intentionally providing the Court with an altered document in an attempt to preserve his race discrimination claim is not objectively reasonable under any circumstances. By presenting a falsified copy of charge 02500 and continuing to rely on that falsification to argue that charge 02500 was the "very first charge filed" (*see* Doc. 11 at 1; Doc. 14 at 3), plaintiff has attempted to perpetrate a fraud upon this Court, has unnecessarily multiplied these proceedings, and has needlessly increased the costs of

this litigation both to defendant who has been forced to defend against frivolous claims and to the Court, which has expended scarce resources to investigate and address plaintiff's fraudulent actions. One of the basic purposes of Rule 11 is to deter baseless filings in the district courts. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990).

The Court believes that nothing less than dismissal of this action is appropriate under the circumstances. Plaintiff was granted IFP status in this case and, thus, is unlikely to have the financial means to pay a monetary sanction for his conduct. The imposition of a monetary sanction payable to the Court that is otherwise uncollectible because of plaintiff's indigency is no deterrent to future fraud upon this Court. Moreover, even if plaintiff were able to pay a monetary fine to the Court, such a sanction is insufficient to deter plaintiff from filing frivolous lawsuits or preparing forged documents, as evidenced by the fact that this Court has previously ordered him to pay significant attorney fees as sanctions for filing fraudulent documents in at least two prior cases. *See Mohammed*, 2007 WL 184742 at *5; *Mohammed*, No. 1:02-cv-853, Doc. 79 at 10. Given plaintiff's continued willingness to file falsified documents in this Court despite the previous imposition of monetary sanctions in other cases for similar behavior, nothing less than dismissal will be an effective response to plaintiff's actions.

Plaintiff's use of falsified documents is egregious and unconscionable behavior that he apparently sees fit to repeat before this Court. Given plaintiff's pattern of egregious conduct, the ineffective nature of a monetary sanction under the circumstances, and the need to impose sanctions to deter litigants from filing fraudulent documents, the Court finds that no sanction other than dismissal would be adequate.

## III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** as a sanction for plaintiff's flagrant violation of Rule 11 and this case be **TERMINATED** on the docket of this Court.

Date: 7/8/16

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

AL-MAHDI FARAD MOHAMMED,
   Plaintiff,

vs.

COMPLETE PERSONNEL LOGISTICS,
   Defendant.

Case No: 1:15-cv-414
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).